IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAFECO INSURANCE COMPANY )
OF INDIANA, )
                                                             )
                                                             Plaintiff, )
                                                             )
vs. ) No. 3:25-cv-00039-HRH
                                                             )
JAMES MONTIVER and )
WILLIAM MONTIVER, )
                                                             )
                                                             Defendants. )
_____)

## O R D E R

### Motion to Dismiss or Stay Action[1]

Defendants James and William Montiver move to dismiss this declaratory judgment action filed by Plaintiff Safeco Insurance Company of Indiana ("Safeco") or, alternatively, stay the action pending resolution of the related case pending between the parties in this court.[2] Safeco responded in opposition,[3] and defendants replied.[4] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 5.

[2]William Montiver, et al. v. Safeco Ins. Co. of Ind., Case No. 1:25-cv-00004-HRH.

[3]Docket No. 15.

[4]Docket No. 16.

ORDER – Motion to Dismiss or Stay Action   - 1 -

Background

On February 20, 2025, Safeco filed this declaratory judgment action regarding the scope of insurance coverage under a homeowner's policy it issued to defendants, Safeco Policy No. OH1905944 (the "Policy").[5] The complaint alleges that on August 25, 2024, a major landslide event occurred in Ketchikan, Alaska and that defendants' residence was damaged as a result of that landslide.[6] Seeking insurance coverage for that damage, defendants filed a claim with Safeco under their Policy. Safeco denied the claim.[7] Safeco alleges that the damage to defendants' residence was caused by events excluded under the Policy—namely, earth movement events, but also water and weather events.[8] It now seeks a declaration that its denial was proper under the Policy's exclusions and that defendants are not entitled to coverage because the dominant cause of loss was the landslide event.[9]

At the time Safeco filed its complaint, defendants had moved from Ketchikan to Puerto Rico.[10] Safeco had difficulty finding a current address for defendants.[11] While Safeco was attempting to complete service, on March 11, 2025, defendants filed a separate action with this court based on Safeco's denial of coverage under the Policy:

---

[5] Docket No. 1-1 (Compl. Ex. A).

[6] Docket No. 1 at 2 (Compl. at ¶¶ 4-5).

[7] Docket No. 5-2 at 2.

[8] Docket No. 1 at 2, 3, 5 (Compl. at ¶¶ 6, 8, 17).

[9] Docket No. 1 at 5 (Compl. at ¶¶ 19-21).

[10] William Montiver, et al. v. Safeco Ins. Co. of Ind., Case No. 1:25-cv-00004-HRH, Docket No. 10 at 1 (Am. Compl. at ¶ 1).

[11] Docket No. 5-3 at 5-6.

William Montiver, et al. v. Safeco Ins. Co. of Indiana, Case No. 1:25-cv-00004-HRH.[12] In that action, defendants claim that Safeco's denial of coverage was a breach of contract, which raises the same legal question about coverage as this declaratory judgment action.[13] Defendants also assert a claim for breach of the covenant of good faith and fair dealing based on Safeco's denial and the actions it took in reviewing, investigating, and processing their insurance claim.[14] At the time they filed their breach of contract action, they were not yet aware of this one.[15]

Defendants now seek dismissal of this declaratory judgment action in favor of their breach of contract action. Alternatively, they ask the court to issue a stay until their breach of contract action has been resolved.

Standard of Review

Defendants, in seeking dismissal, cite to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) is the mechanism by which a defendant can challenge the court's subject matter jurisdiction over an action. Here, however, the court's subject matter jurisdiction is not in dispute. Both parties' complaints acknowledge the court has jurisdiction under 28

---

[12]Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of Defendants' related case and the filings associated therewith. See Harris v. Cnty. of Orange, 682 F.3d 1126 (9th Cir. 2012) (noting that under Rule 201, courts may take judicial notice of undisputed matters of public record, including documents on file in other courts); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (noting that it is proper to take judicial notice of other court proceedings related to the matter at issue).

[13]William Montiver, et al. v. Safeco Ins. Co. of Ind., Case No. 1:25-cv-00004-HRH, Docket No. 10 at 11-12 (Am. Compl. Count 1).

[14]Id. at 12-14 (Am. Compl. Count 2).

[15]Docket 5-1 at 2 (Soderstrom Decl. at ¶ 3).

U.S.C. § 1332 because it involves a controversy between citizens of different states and the matter in controversy exceeds $75,000.[16] Thus, Rule 12(b)(1) and its standards are not implicated.

Instead, defendants are simply asking the court to decline the use of declaratory relief here as a matter of discretion under 28 U.S.C. § 2201. "Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper." Snodgrass v. Provident Life and Accident Ins. Co., 147 F.3d 1163, 1166 (9th Cir. 1998). Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Whether or not to do so is essentially a matter of "practicality and wise judicial administration." Id. at 288.

Discussion

While the court has broad latitude in determining whether to decline jurisdiction over a declaratory judgment action, the Ninth Circuit has provided guidance on how to properly exercise that discretion. It has stressed three main rationales for declining jurisdiction: (1) to avoid needless determination of state law issues; (2) to discourage litigants from filing declaratory actions as a means of forum shopping; and (3) to prevent duplicate litigation. R.R. Street & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (noting that these three factors, known as the "*Brillhart* factors," are the touchstone of the court's analysis); see also Huth v. Hartford Ins. Co., 298 F.3d 800, 803 (9th Cir. 2002) (describing the three rationales as the "primary" ones for the court to consider).

---

[16]Docket No. 1 at 2 (Compl. at ¶ 3); William Montiver, et al. v. Safeco Ins. Co. of Ind., Case No. 1:25-cv-00004-HRH, Docket No. 10 at 2 (Am. Compl. at ¶ 3).

None of the three rationales is implicated here.

First, this declaratory action does not involve a needless determination of state law issues. Needless determination of state law arises when there is a parallel state case involving the same unsettled issues of state law with no compelling federal interest. Burlington Ins. Co. v. Panacorp, Inc., 758 F. Supp. 2d 1121, 1142 (D. Hawaii 2010); Nat'l Chiropractic Mut. Ins. Co. v. Doe, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998). In such cases, the state court is better suited to determine the unsettled issue and abstention is generally favored. See Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992) (noting that unless there is a strong federal interest at stake, federal courts should not interfere through declaratory judgments when the interpretation of state law may be "uncertain and ephemeral"). Here, there is no unsettled issue of state law; the case involves a straightforward dispute about coverage under an insurance contract. See 757BD LLC v. Nat'l Union Fire Ins. Co., 330 F. Supp. 3d 1153, 1163 (D. Ariz. 2016) (noting that federal courts regularly handle declaratory judgment actions involving insurance coverage). More importantly, there is no parallel state proceeding at play here. The competing cases are both federal ones. The court will not be "needlessly" deciding a state law issue because, given the absence of a parallel state proceeding, the court will be resolving the parties' coverage dispute regardless of the outcome of this motion. See Qilin v. CSAA Gen. Ins. Co., No. CV15-129-BLG-CSO, 2016 WL 1248680, at *3 (D. Mont. Mar. 29, 2016) (noting that the needless determination factor weighs against declining jurisdiction where no parallel state proceeding would resolve the issues between the parties).

Second, there is no potential forum shopping at issue here. Both parties' preferred forum is this district court, and both cases have been assigned to the same judge. The procedural rules and applicable case law will be the same.

Third, the issue of duplicative litigation is a neutral factor here. While there may be some duplication and inefficiency as a result of the two cases proceeding simultaneously, the court is capable of handling them in lock step through a joint or single scheduling and planning order. Indeed, as noted by Safeco, the parties have agreed to avoid duplicative requests and to combine discovery between the cases where necessary.[17] As such, there is no pressing reason to dismiss this declaratory action based on unreasonable duplication of efforts.

While the three principal reasons for declining jurisdiction are not present here, the court can consider other factors that may be relevant to its determination. See Gov't Emp. Ins. Co v. Dizol, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (explaining that the three "touchstone" factors are not exhaustive and that other factors may be considered). These secondary factors include whether the related case could settle the dispute more comprehensively, whether there has been some unfair procedural maneuvering, and whether the declaratory judgment action serves a useful purpose in clarifying the legal relations at issue or instead unnecessarily intervenes in an ongoing dispute. Id.

None of these additional factors change the court's determination. While Safeco filed its declaratory action without conferring with defendants' council, there is no suggestion of gamesmanship or procedural maneuvering with regard to its filing. Based on the exhibits provided by the parties, it appears there was a fundamental dispute about coverage under the Policy.[18] Given the clear impasse about the Policy's exclusions and the cause of the damage, Safeco sought the court's involvement. Courts commonly handle

---

[17] See Docket No. 15 at 7. To date, the parties have filed notices with the court stipulating to deadlines that move the two cases in tandem. Docket No. 9; Docket No. 13.

[18] Docket No. 5-2.

ORDER – Motion to Dismiss or Stay Action    - 6 -

declaratory judgment actions related to insurance coverage when there is diversity jurisdiction, and thus there is nothing unusual about Safeco's request.

Defendants argue that Safeco raced to file its declaratory action first to avoid litigation of any bad faith claims. The court perceives no such advantage. Indeed, had there not been an issue with service of Safeco's complaint, defendants could have simply filed their breach of contract and bad faith claims as counterclaims in this action. The court concludes that there is no basis from which to infer that Safeco was seeking to avoid potential claims by defendants. Moreover, to date, the court has proceeded with these related cases in lock step, and the parties through the scheduling and planning process can undertake discovery efforts and motion practice in both cases simultaneously or otherwise agree to consolidate.

Defendants argue that their case presents the more comprehensive action and thus practically it should be favored over this declaratory one. While comprehensiveness is a relevant consideration, it does not require the court's abstention from Safeco's first-filed declaratory judgment action. Again, the cases can proceed simultaneously without any prejudice to defendants' claims and with minimal inefficiency. Logically, in either case, the issue of coverage under the Policy should come first and thus the declaratory judgment action serves a useful purpose. Therefore, Safeco's motion to stay is denied.

## Conclusion

Based on the preceding discussion, defendants' motion to dismiss or stay this declaratory judgment action [19] is denied.

The parties are advised that, for the purposes of the Rule 16(b) scheduling process,

---

[19]Docket No. 5.

a separate order will be filed shortly, directing the parties to confer and file a single, Rule 26(f) report which will be entered and govern case development in both this and defendants' related case: <u>William Montiver v. Safeco Ins. Co.</u>, Case No. 1:25-cv-00004-HRH.

DATED at Anchorage, Alaska this 3rd day of July, 2025.

/s/ H. Russel Holland<br>
United States District Judge